972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara A. WHALEN, Plaintiff-Appellant,
v.
UNITED AIR LINES, INC., Defendant-Appellee.
 No. 91-1191.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Barbara Whalen appeals from a judgment dismissing her complaint under 42 U.S.C. § 2000e (Title VII) alleging that Defendant United Air Lines discharged her from employment on account of sex. Plaintiff contends that the district court applied an erroneous legal standard, and that its finding of no discrimination is clearly erroneous. We disagree and affirm.
 
 
 3
 Plaintiff was employed by Defendant as a Customer Service Representative. In October 1988, Plaintiff's supervisor, Regina Gamlin, discovered what she thought were discrepancies in Plaintiff's time and attendance records (pay certs). Gamlin called a meeting with Plaintiff to discuss the discrepancies. Plaintiff had no explanation other than that she had been under stress due to domestic problems, and might have made some errors filling out the pay certs. Plaintiff met again with Gamlin and Gamlin's supervisor, Truman Jeter, and offered the same explanation for the discrepancies. Gamlin and Jeter then notified Plaintiff in writing of a formal meeting at which Plaintiff was to appear and answer the charges of falsifying her pay certs. Plaintiff attended this meeting with counsel. Following the meeting, Gamlin recommended to Jeter that Plaintiff be terminated. Plaintiff was formally notified of the termination, received two additional hearings at which she was represented by counsel, but the termination was upheld. Plaintiff then filed sex discrimination charges.
 
 
 4
 Following a trial to the court, the district court found that Plaintiff had proven a prima facie case of sex discrimination. It further found that Defendant had articulated a nondiscriminatory reason for Plaintiff's discharge--that she had committed one of the most serious, if not the most serious offense that Gamlin had ever observed during her employment with Defendant. It finally found that Plaintiff failed to prove Defendant's reason for the discharge was pretextual.
 
 
 5
 Plaintiff argues that the district court erred in requiring her to provide direct evidence of discrimination after she established her prima facie case. In a Title VII disparate treatment case, the plaintiff has the initial burden of establishing a prima facie case. If she does so, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employment decision. The plaintiff then must prove by a preponderance of the evidence that the defendant's legitimate reason was a pretext for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The plaintiff may do so directly by proving that a discriminatory reason more likely motivated the defendant, or indirectly by showing that the defendant's explanation is unworthy of credence. Id. at 256. While the plaintiff's ultimate burden is to persuade the factfinder that the defendant intentionally discriminated against her, id. at 253, she is not required to produce direct evidence of discriminatory intent. United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 n. 3 (1983). Rather, she may prove her case by direct or circumstantial evidence. Id.
 
 
 6
 The district court stated that Plaintiff's ultimate burden of persuasion might by met by "direct evidence of discrimination, or indirectly." Appellant's App. at 48. We see nothing else in the district court's decision indicating that it failed to apply the correct law.
 
 
 7
 Plaintiff next challenges as clearly erroneous the district court's finding that Plaintiff failed to prove Defendant's reason for discharging her was pretextual. The district court's findings will not be set aside unless clearly erroneous. Verniero v. Air Force Academy Sch. Dist. No. 20, 705 F.2d 388, 390 (10th Cir.1983). Findings will not be declared clearly erroneous unless, after reviewing the entire record, we are convinced that a mistake has been made. Id. at 390-91.
 
 
 8
 Plaintiff attempted to show pretext by proving that male coworkers who committed similar offenses were never discharged for the first offense, while female employees had been discharged for first offenses. A female plaintiff discharged and not rehired because of alleged misconduct may establish pretext by proving that male employees involved in acts of "comparable seriousness" were nevertheless retained or rehired. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). The male employees need not have committed the exact same offense as the plaintiff, only offenses of comparable seriousness. See McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1261 (10th Cir.1988).
 
 
 9
 The burden is on the plaintiff to show the similarity between her conduct and that of male employees who were treated differently. See Jones v. Gerwens, 874 F.2d 1534, 1541 (11th Cir.1989); Lanear v. Safeway Grocery, 843 F.2d 298, 301 (8th Cir.1988). A finding that conduct is of comparable seriousness is reviewed under the clearly erroneous standard. See Stotts v. Memphis Fire Dep't, 858 F.2d 289, 296-97 (6th Cir.1988). While the district court did not make an express finding of comparable seriousness, its other findings indicate it did not think Plaintiff's situation was comparable to those of the male employees.
 
 
 10
 Plaintiff argues that several male employees were not discharged although they committed disciplinary infractions for which termination was appropriate. Defendant's "You and United" employee handbook lists nineteen rules violations that will subject an employee to discharge. Plaintiff was charged with violating two of these rules, falsification of company records, and cheating. Jeter testified that violation of any of the nineteen rules could but would not necessarily lead to discharge. The offenses are not listed in order of seriousness, nor are they of comparable seriousness. Rather, the seriousness depends on the individual circumstances.
 
 
 11
 Defendant employs a "constructive discipline" process pursuant to which it looks at the employee's entire file, his or her job performance, and the type of infraction to determine appropriate discipline, which can range from counseling to a warning to discharge. Defendant is not required to proceed through each phase before terminating an employee. Although it was her first offense, Plaintiff was discharged rather than being given a lesser form of discipline because of the nature of the offense and the fact that it was committed intentionally and without explanation on numerous occasions.
 
 
 12
 Mark Annis, Ron Erlenbach, Herbert Spencer, Gary Pinson, and Larry Warren were disciplined but not discharged for first offenses involving substance abuse. Spencer was terminated when he committed the same offense a few weeks later, despite his claim that he was experiencing personal problems. Pinson was suspected of being under the influence a second time, but when medical tests showed he was fit for duty, he was not terminated. Warren was fired when he was absent from work after being disciplined.
 
 
 13
 David Graham received two notices and a "last chance letter" for unsatisfactory job performance. It is unclear from the record whether he was disciplined for violating one of the nineteen rules that subject an employee to discharge. He was not charged with falsifying company records.
 
 
 14
 Jim Folmar was placed on final notice for using his position for personal gain by boarding himself and his son on a plane out of seniority order. He was investigated for falsifying his pay certs but when it was discovered that he had received permission to leave early, the charge was dropped. Folmar failed to show up for work on time several months later and was kept on final notice.
 
 
 15
 Dahl Metzler was terminated for conspiring to defraud the company rather than being given a final notice because the offense "was a serious stand-alone rule violation that was worthy of discharge." Appellee's App. at 120. Metzler had previously been disciplined for inappropriately assigning ten seats. There is no indication in the record that the first offense was "similar conduct" to that for which he was terminated, as Plaintiff argues, or that it involved repeated instances of intentional dishonesty. It is unclear from the record that it was a dischargeable offense.
 
 
 16
 Melvin Griffin was disciplined but not discharged for soliciting money from customers. No further details are provided about this offense or Griffin's work history.
 
 
 17
 Plaintiff argues that female employees were terminated for their first dischargeable offenses. Kathryn Frey received three warning notices for unacceptable dependability before being terminated. While unacceptable dependability is not one of the nineteen dischargeable offenses, it is an offense for which discharge is appropriate. Corrine Emanuel and Imogene Braswell were initially terminated for falsely claiming sick leave and for carrying a loaded handgun through a security check point, respectively, but were reinstated after they provided adequate explanations for their conduct. Both had been disciplined in the past.
 
 
 18
 The record provides a basis for the district court's finding that Plaintiff, and females generally, were not treated less favorably than males in comparable situations. Defendant did not consider all nineteen "dischargeable" offenses as comparably serious. It had a practice of providing a second chance to employees accused of substance abuse-related offenses, which Plaintiff has not shown to be a pretext for discriminating against women. The record does not indicate that Graham's or Folmar's offenses involved repeated instances of intentional dishonesty, as did Plaintiff's. Plaintiff has not convinced us that the district court was mistaken in refusing to equate the completely different offenses committed by Graham and Folmar to that committed by Plaintiff. Dahl Metzler was terminated for an offense involving dishonesty. Jeter testified that, although Metzler had previously received discipline for an unrelated offense, Metzler was discharged without regard to the prior offense. There is insufficient evidence to determine that Griffin's offense was of comparable seriousness to Plaintiff's. That Plaintiff was the only employee to have been terminated for a first offense, while true, does not establish discrimination where no other employee had been found guilty of a comparable offense. See Moore v. City of Charlotte, 754 F.2d 1100, 1110 (4th Cir.), cert. denied, 472 U.S. 1021 (1985).
 
 
 19
 Plaintiff also attempted to prove pretext by showing that she did not falsify her pay certs, as Defendant charged. However, "[c]ourts have held employers not liable under Title VII when they have discharged employees based on a good faith, albeit mistaken, belief a legitimate cause for discharge existed." Wheeler v. Snyder Buick, Inc., 794 F.2d 1228, 1233 (7th Cir.1986).
 
 
 20
 Gamlin and Jeter admitted at trial that they then realized they were wrong about some, but certainly not all of the thirteen alleged discrepancies. Plaintiff argues that Defendant's failure to adequately investigate the discrepancies before recommending her termination establishes pretext. An employer's lack of inquiry into the validity of its reason for terminating an employee may show its belief in the validity of that reason was incredible, and the reason merely a pretext for discrimination. Bechold v. IGW Sys., Inc., 817 F.2d 1282, 1285 (7th Cir.1987). While Gamlin may not have pursued every channel of inquiry, Plaintiff had ample opportunity at five meetings and hearings to rebut the accuracy of Defendant's charges, but failed to do so.
 
 
 21
 In any event, Plaintiff conceded that she falsified her pay certs on several of the occasions identified by Defendant. We conclude that the district court's finding that Plaintiff failed to prove pretext is not clearly erroneous.
 
 
 22
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3